United States District Court
District of South Carolina

| | |
|---|---|
| Terrence A. Daniels *(aka Terrence Daniels)*, #89745-071; | C/A No. 6:05-0762-CMC-WMC |
| Petitioner; | **Report and Recommendation** |
| vs. | **for Summary Dismissal** |
| United States of America; | |
| Respondent . | |

The Petitioner, Terence Daniels (hereafter, "the Petitioner"), a federal prisoner proceeding *pro se*, has filed this action as a request for a modification of sentence under Title 18 United States Code section 3742. The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C.§ 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C.

### *PRO SE* PETITION

The Petitioner is a *pro se* litigant. His pleadings are to be accorded liberal construction and are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Estelle v. Gamble*, 429 U.S.97 (1976); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978); *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a *pro se* petition is still subject to summary dismissal.

### BACKGROUND

The Petitioner is confined at the Federal Correction Institution in Estill (FCI-Estill), South Carolina. In *United States v. Gravatt*, et al.. 5:01-cr-00736, he was one of eleven

1

defendants before this Court. On May 1, 2002, the Petitioner entered a guilty plea on a charge of conspiracy to distribute crack cocaine. He was granted a downward departure on motion of the government for his cooperation. *See U.S. v. Daniels*, 5:01-cr-0736. The Petitioner did not appeal from this conviction. The Petitioner filed an untimely § 2255 motion in August, 2004, which was dismissed. *Daniels v. USA*, 5:04-21852. In another proceeding, the Petitioner was charged in another criminal case. *United States v. Daniels, et al.*, 3:04-cr-0330. That prosecution ended in a jury verdict of guilty on multiple charges, including conspiracy and possession with intent to distribute narcotics and possession of a firearm.

In this action, the Petitioner attacks his first conviction under 18 U.S.C. § 3742. He argues that the federal sentencing guidelines are unconstitutional. His subsequent conviction is presently on appeal before the United States Court of Appeals for the Fourth Circuit.

## DISCUSSION

The Petitioner's reliance upon 18 U.S.C. § 3742 is clearly misplaced. That statutory provision governs appeals from a district court judgment not a collateral attack upon a sentence brought in the sentencing court itself. The proper vehicle for attacking his sentence in this Court is a motion under 28 U.S.C. § 2255. As noted above, however, the Petitioner has already pursued such a collateral attack in this Court. In order to raise the issues he would now present, the Petitioner must seek certification from the United States Court of Appeals for Fourth Circuit to present a second § 2255 petition. He is not entitled to bring the present action under 18 U.S.C. § 3742.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that the Petition herein be dismissed without prejudice and without issuance of service of process. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have a duty to screen *habeas corpus* petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). The Petitioner's attention is directed to the notice on the next page.

                                                   s/William M. Catoe
                                                   United States Magistrate Judge

April 18, 2005
Greenville, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**
